Argued March 20, reversed and remanded for trial
May 14, reconsideration denied June 19, petition for
review denied September 5, 1979, 287 Or 301

STATE OF OREGON, *Appellant,*
*v.*
CYNTHIA LEE DAY, *Respondent,*
(Nos. TC 89089 & TC 89090, CA 12811)

594 P2d 1285

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

John W. Hitchcock, McMinnville, argued the cause for respondent. With him on the brief was Hitchcock and Pinkstaff, McMinnville.

Before Schwab, Chief Judge, and Tanzer, Richardson, and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The state appeals an order suppressing a Motor Vehicles Department order suspending defendant's operator's license.

The relevant facts are not disputed. On December 15, 1976, defendant was convicted of driving while under the influence of intoxicants. Her license was suspended for failure to furnish proof of financial responsibility in accordance with ORS 486.211(3)(f).[1] Her license was reinstated on March 29, 1977, but was again suspended for failure to furnish proof of financial responsibility on May 18, 1978.

On July 11, 1978, defendant was arrested and charged with driving while under the influence of intoxicants and driving while her operator's license was suspended.

Subsequently, on September 28, 1978, defendant petitioned the circuit court for post conviction relief from the prior driving under the influence conviction of December 15, 1976, on the basis that she appeared without counsel and was not advised of her right to appointed counsel. The circuit court granted the petition on October 17, 1978.

On October 24, 1978, defendant moved to suppress the order of suspension on the ground the conviction which triggered the suspension was set aside. The court granted the motion and the state appeals pursuant to ORS 138.060. We reverse.

---

[1] ORS 486.211 provides:

"Except as otherwise provided in ORS 482.820, the division shall revoke or suspend the license and the vehicle registration for all vehicles of any person who:

"* * * * *

"(3) Has been convicted * * * of one of the following offenses:

"* * * * *

"(f) Driving any vehicle upon any highway while under the influence of intoxicants; however, if it is the first such conviction within a five-year period, suspension shall be ordered only if proof of future responsibility is not submitted within 30 days after notice is sent by the division requesting that proof be filed.

"* * * * * "

[237]

Defendant argues that because the conviction which was the basis of the requirement that she show proof of financial responsibility was set aside the suspension is invalid and must be suppressed.

A person whose license has been suspended by action of the Motor Vehicles Division must obey that suspension order until the suspension is lifted by the Division. If the suspension is improper she must follow the appropriate legal procedure to correct the error rather than simply disregarding it on a belief that it is improper. *See State v. Orethun,* 84 Wis 2d 487, 267 NW2d 318 (1978). A person whose license is suspended or revoked is not entitled to drive until the license is reinstated.

Reversed and remanded for trial.