Argued and submitted May 11, reversed and remanded
for trial October 12, reconsideration denied December 9,
petition for review denied December 28, 1983 (296 Or 237)

## STATE OF OREGON,
*Appellant,*

*v.*

## EUGENE PAUL NELSON,
*Respondent.*

## STATE OF OREGON,
*Appellant,*

*v.*

## BRADLEY DALE HOPKINS,
*Respondent.*

(8106 1551m; CA A26065 & 8207 1574m; A26066)
(Cases consolidated)

671 P2d 112

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were

Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Kevin J. Freeman, Lebanon, argued the cause for respondents. With him on the brief was Morley, Thomas, Kingsley & Reuter, Lebanon.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In these consolidated cases, the state appeals the dismissal of complaints against defendants for driving while suspended. ORS 487.560. The court concluded that the orders of suspension were void, because the Motor Vehicles Division (MVD) employe who signed the orders was not authorized to do so by a document of delegation filed with the Secretary of State by the Administrator of MVD. In addition to challenging the court's conclusion that the suspension orders were void, the state contends that defendants are not permitted to challenge the validity of a suspension order for the first time in a subsequent prosecution for driving while suspended. We reverse.

The relevant facts are uncontroverted. Defendant Nelson's operator's license was suspended pursuant to ORS 482.540 and 482.440 after his refusal to submit to a chemical breath test. The suspension order was dated April 10, 1981, and signed by Jim Hunter, Manager of the Driver and Vehicle Safety Branch of the Motor Vehicles Division. Pursuant to former ORS 484.210(2)[1] and 482.440, defendant Hopkins' license was suspended after his failure to appear in court. That suspension order was dated March 23, 1981, and was also signed by Hunter. Neither defendant appealed from the orders of suspension.

At all times material to this appeal, Hunter was the duly appointed manager of the Driver and Vehicle Safety Branch of the Motor Vehicles Division. That branch was established by the administrator, David P. Moomaw, upon his appointment on October 1, 1979; and Hunter was orally delegated the authority, on or about that date, to sign orders of suspension issued by MVD. The delegation of authority to Hunter was confirmed in writing by a letter order signed by Moomaw on November 21, 1981, and filed with the Secretary of State on December 7, 1981, subsequent to the suspension orders in these cases. Before that time, no written evidence of Hunter's authority to sign suspension orders had been filed with the Secretary of State, although the administrator had previously filed lists of persons, including Hunter, who were designated as custodians of the MVD records.

---

[1] Now ORS 153.550.

██ Although collateral challenges to the suspension orders are not generally permissible, *see State v. Day,* 40 Or App 235, 594 P2d 1285, *rev den* 287 Or 301 (1979), we address the merits of the court's ruling. Defendants rely primarily on ORS 481.935:

> "The administrator, may, with the approval of the director, designate a deputy, who shall be in the unclassified service, with full authority to act for the administrator, but subject to his control. The designation of a deputy shall be by written order, filed with the Secretary of State."

We do not construe that section to require the Administrator to file with the Secretary of State a written order of designation for all employes, other than a "deputy," who are authorized to sign suspension orders. Defendants also cite ORS 481.930(1):

> "The division shall be under the supervision and control of an administrator who is responsible for the performance of the duties imposed upon the division."

This section does not imply that *all* delegations of the Administrator's duties are to be made by the procedure specified in ORS 481.935. We also find without merit defendants' contention that the Administrator's filings of delegation documents for certain employes as custodian of records, or the Administrator's later filing of a confirmation of the delegation to Hunter of the power to sign suspension orders, imply any legal requirement to make such filings.

Reversed and remanded for trial.