Argued and submitted October 22, 1985, affirmed October 15, reconsideration denied December 5, petition for review denied December 30, 1986 (302 Or 461)

## STATE OF OREGON,
*Appellant,*

*v.*

## JOSEPH C. BENNER, III,
*Respondent.*

(10-84-04791; CA A34801)

726 P2d 1209

Thomas Denney, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and David L. Runner, Assistant Attorney General, Salem.

Gary D. Babcock, Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Deputy Public Defender, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

Richardson, P. J., dissenting.

## NEWMAN, J.

The state indicted defendant for driving while revoked. *Former* ORS 487.560 (now ORS 811.175). Before trial, defendant moved to dismiss the indictment, arguing that the notice of revocation that the Motor Vehicles Division mailed to him was defective under *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984). After receiving evidence, the court dismissed the indictment, and the state appeals. We affirm.

During late 1983, MVD received notification that defendant had been convicted of a felony, a material element of which was the operation of a motor vehicle. On December 12, 1983, MVD mailed a notice (dated December 9, 1983) that stated that, pursuant to *former* ORS 486.211(3)(c) (now ORS 809.410(4)) and other provisions not relevant to this case, defendant's license would be revoked for an indefinite period beginning December 14, 1983. On the reverse side, the notice stated that defendant had the right to a hearing if he requested it within 20 days of the date of the notice. MVD attempted to deliver the notice to defendant by certified mail, but he never received it. He was arrested for driving while revoked on June 12, 1984.

The state concedes that, because the notice sent by MVD erroneously stated that the revocation of defendant's operator's license would become effective in five days from the date of the notice, it was defective under *State v. Tooley, supra.* It argues, however, that the defect was harmless, because defendant never received the notice and was, therefore, not misled by it. Defendant, in response, argues that the revocation of his license was invalid, because the notice was defective and that, without a valid revocation, he could not be convicted.

Both parties rely on *State v. Tooley, supra.* There, as here, MVD sent the defendant a notice which indicated that the revocation would become effective before the time to exercise his statutory right to a pre-revocation hearing had expired. For this reason, the Supreme Court held that the notice was defective under *former* ORS 486.221[1] (now ORS

---

[1] *Former* ORS 486.221(1) provided:

"Before the division suspends or revokes the license of any person or vehicle

809.410; ORS 813.400) and reversed the conviction. We have interpreted *Tooley* to mean that, "if MVD fails to notify a licensee accurately of his *statutory* right to a hearing, suspension based on that notice cannot support a DWS or DWR conviction." *State v. Jones,* 76 Or App 157, 162, 708 P2d 1168 (1985). (Emphasis in original.)

The *Tooley* court, however, did not make it clear whether it was MVD's failure to provide proper notice or defendant's receipt of defective notice that was critical. We conclude that it was the former. *Former* ORS 486.221 provided that, "[b]*efore the division* suspends or revokes the license of any person * * *, [it] *shall* notify the licensee * * *." (Emphasis supplied.) The notice that MVD provides cannot merely notify a licensee of his pending suspension or revocation—it must accurately apprise him of his statutory procedural rights. *State v. Tooley, supra.* Because the notice mailed to defendant was defective in this respect, the revocation of his license cannot support a charge of driving while revoked.

The state argues that any defect in the notice was "harmless," because defendant never received it and, therefore, was not misled. Under our analysis, however, that argument is beside the point. MVD failed to give the required notice and, accordingly, the dismissal was proper.

Affirmed.

**RICHARDSON, P. J.,** dissenting.

The essence of the majority opinion is that a statutorily required notice of suspension or revocation which inaccurately recites the driver's rights to a hearing and the timing of the hearing voids the suspension *ab initio*. It is irrelevant, the majority thinks, that the defendant did not receive the notice and could not have been misled. I disagree with the majority's resolution of this case, and I dissent.

registration of any employer under ORS 486.046, or continues, modifies or extends a suspension or revocation for any reason set forth in ORS 486.211 or 486.251, the division shall notify the licensee and registrant as set forth in ORS 482.570 and afford the person an opportunity of a hearing before a representative of the division in the county wherein the licensee resides. The hearing shall be conducted as a contested case in accordance with ORS 183.310 to 183.550. Upon such hearing the division, good cause appearing therefor, may continue, modify or extend such a suspension or revocation of the license or the vehicle registration or revoke or suspend such license or vehicle registration."

It is important at the outset to delineate the procedural and factual predicate of the trial court's dismissal. Defendant was charged with driving while his operator's license was revoked. He moved before trial for dismissal on the basis of *State v. Tooley*, 297 Or 602, 687 P2d 1068 (1984). The state conceded that the notice of suspension had the same defect as the one in *Tooley*. The evidence presented at the hearing on defendant's motion showed that the notice was mailed but was not delivered; consequently, defendant never saw the notice. The court granted the motion for dismissal. The issue is not whether defendant received notice of the suspension or whether he could properly plead an affirmative defense. *Former* ORS 482.570; 487.560.[1] The issue is whether the incorrect notice results in the revocation being invalid from its inception and, consequently, not a basis for a criminal conviction of driving while revoked. An alternative formulation of the issue is whether a notice that incorrectly recites the hearing rights of the licensee and thereby conceivably could deprive him of an opportunity to request a hearing before the revocation becomes effective invalidates the suspension, even though the notice is not received and the licensee is not misled.

The solution as well as the problem begins with *State v. Tooley, supra.* In order to decipher the holding and rationale of *Tooley,* it is necessary to unravel the procedural history of that case. The defendant was charged with driving while his license was revoked. At the trial on that charge, he stipulated that he was driving on a public highway on the date charged in the indictment. The state introduced a certified copy of a Motor Vehicle Division order showing that defendant's license was revoked because of a conviction for a felony involving the operation of a motor vehicle. *Former* ORS 482.430(1)(c), 482.440 and 486.211(3)(c). The state then introduced a certified copy of his driving record to show that the revocation order was in effect on the day he was driving. The state rested.

The defendant raised essentially two defenses: (1) that the revocation was invalid, because MVD had misread his

---

[1]In 1983, ORS 482.570 was recodified as ORS 809.430. Or Laws 1983, ch 338, § 978. ORS 487.560 was amended and recodified at ORS 811.175 and ORS 811.180. Or Laws 1983, ch 338, § 987.

record in that he had been convicted of a misdemeanor, not a felony involving use of a motor vehicle; (2) that he was entrapped, because the judge and the prosecutor at the earlier trial involving the misdemeanor had told him that he would not be revoked for a misdemeanor driving offense.

In support of the first defense, the defendant offered two documents. The first was a copy of his driving record obtained sometime after the offense and which he argued showed no revocation of his license. The second was a judgment showing that he had been convicted of a misdemeanor, not a felony. He offered the exhibits to show that the underlying revocation was invalid and had subsequently been expunged. The trial court rejected both exhibits on the basis that, under *State v. Day,* 40 Or App 235, 594 P2d 1285, *rev den* 287 Or 301 (1979), the defendant could not attack the order of suspension and, consequently, the exhibits were irrelevant. Defendant did not move for dismissal or contest the notice which he received. The court also rejected the entrapment defense. It is unnecessary to recite the history of the entrapment defense further other than to note that the trial court's ruling was an assignment of error in this court and on review in the Supreme Court.

On appeal, the defendant in *Tooley* raised only two claims of error. The second involved the entrapment defense. The first was that the court erred in not admitting the two exhibits. On appeal, the defendant argued that *State v. Day, supra,* was distinguishable or incorrect and that he had no effective means of challenging an invalid revocation other than in the trial on the revocation charge. In his brief in the Court of Appeals, the defendant asserted that the revocation was invalid and that MVD had reversed the revocation and expunged his record. That information was based on the documents that were offered but rejected and were the basis of his first claim of error.

On appeal, the state argued that the defendant's contention was controlled by *State v. Day, supra,* and that the proffered exhibits were irrelevant. On the second claim of error, regarding the entrapment defense, the state argued simply that it was not available in a strict liability offense, citing *State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982). We

affirmed the judgment without issuing an opinion. *State v. Tooley,* 64 Or App 855, 669 P2d 843 (1983).

The defendant petitioned the Supreme Court for review. In his petition, he stated as "undisputed" fact that the revocation of his license was unlawful and a mistake by MVD. In essence, he was reciting to the Supreme Court a factual history based on the exhibits which had been rejected and which had been the basis of his claim of error in this court. In the opening sentence of its opinion in *State v. Tooley, supra,* the Supreme Court said:

> "The question is whether an erroneous license revocation properly may form the basis for a conviction for driving while revoked." 297 Or at 604.

The court then recited as undisputed fact that the revocation of the defendant's license was based on MVD's misreading of the defendant's prior conviction record. The court did not mention or address specifically the defendant's first claim of error regarding the exclusion of the evidence that he offered to contest the validity of the suspension order, nor did it mention *State v. Day, supra.*[2]

If the balance of the court's opinion is a direct answer to the question posed, I share the majority's confusion and, probably, its conclusion. That would mean that the license revocation was erroneous, because the notice of it was deficient in informing the defendant of his hearing rights. More specifically, the deficiency was that the notice implied that the revocation was effective before the defendant could request a hearing and remained in effect unless and until he had prevailed at such a hearing. Thus, the court appeared to indicate, the wording of the notice was a violation of *former* ORS 486.221, which said, in essence, that *before* the division could revoke a license, it must give a notice of and an opportunity for a hearing. The simplified analysis appears to be that, until the correct notice is made and mailed, the revocation or suspension is not effective. Proof that the notice was formally defective constitutes proof that there was no lawful revocation and thus that there was no "basis for a conviction for driving while revoked." That analysis, if

---

[2]The court mentioned the assignment concerning the entrapment defense and declined to address that issue. 297 Or at 605, n 3.

intended by the court, may have been responsive to the defendant's cry of outrage, but it was only marginally responsive to the claim of error. The defendant had not challenged the notice or asked for a dismissal; he wanted a new trial and an opportunity to establish that the revocation was in fact unlawful.

If the Supreme Court's opinion in *Tooley* is read in relation to the claim of error, the majority opinion in this case that the revocation was invalid at its inception is incorrect. The relevant claim of error in *Tooley* revolved around the proposition that defendant could not, because of *State v. Day, supra,* challenge the MVD order of revocation. The defendant had asserted in the Supreme Court that he had no avenue to contest the administrative suspension. The Supreme Court responded that he in fact did have a right to a hearing before the revocation became effective. However, the court held that the notice of impending revocation was inadequate to inform the defendant of that hearing right. The logical implication of that holding, in response to the claim of error, is that the defendant was entitled to present evidence in the criminal proceedings respecting the validity of the revocation order. In essence, he would be entitled to the hearing which the statute (ORS 486.221) provided but which he never received because of the incorrect notice. Consequently, the revocation or suspension is not invalid on the basis of an incorrect notice. The fact of the inadequate notice merely allows the licensee an opportunity to establish in the criminal proceedings that there was no valid revocation at the time of the alleged offense.

It is true that in *Tooley* the Supreme Court merely reversed the defendant's conviction and did not remand for a new trial. It may have taken that course on the basis that the state did not contest the defendant's factual assertions that MVD had admitted an error in issuing the order of revocation. In that context a new trial would have been superfluous—or at least the Supreme Court could have so concluded.

In *Tooley,* the state had argued that failure to comply with the notice requirement of ORS 486.221 was harmless, because the defendant would not have requested a hearing even if properly informed of the hearing rights. The court responded:

"* * * We cannot decide this case on an assumption about

what defendant would have done had he been fully and accurately informed of his avenues of recourse." 297 Or at 609.

If the court's conclusion in *Tooley* was, as the majority here suggests, that the revocation had never gone into effect or was void at its inception, the court would have simply responded that what the defendant did or could have done after receiving the notice was irrelevant. The court did not foreclose that inquiry as a proposition associated with its analysis of the division's statutory duty.

The rationale of the opinion in *Tooley* is that the notice of revocation inadequately informed the licensee regarding when the revocation became effective in relation to administrative hearing rights and was, therefore, misleading. The notice, as the court recited, *does* specify that the licensee is entitled to a formal hearing and is given 20 days from the date of the notice to request a hearing. The notice, however, states that the revocation became effective five days from the date of notice and implied that it would remain in effect even if the licensee were to request a hearing. The licensee was not deprived of a prerevocation hearing; he simply was not adequately informed of the statutory right by the notice he in fact received.

Applying my analysis of the *Tooley* rule to the present facts, I conclude that the pretrial dismissal order based on the inadequacy of the notice of revocation was in error. First, as I have indicated, *Tooley* does not require that result. All it requires is that a defendant have an opportunity to contest the revocation which is the basis of the charge.

Second, the rationale of *Tooley* was that the licensee was misled by the notice as to the hearing rights. In this instance, the record shows, at least for the purposes of the pretrial motion, that defendant never received the notice mailed by MVD. Consequently, he could not have been misled as to when the revocation went into effect and what his hearing rights might be. He still may be able to raise an affirmative defense of lack of notice or to contest the validity of the revocation order on the same grounds that he could have urged had he requested a hearing.

Third, under *former* ORS 487.560, the state presents a *prima facia* case by showing an order of suspension or

revocation and that the defendant was driving during the revocation or suspension period specified. *State v. Buttrey, supra.* The defendant may respond by the affirmative defense of lack of any notice or proceed to establish that the presumptively valid order is in fact not lawful. Even if *State v. Day, supra,* is still viable after *Tooley,* the inadequacy of the notice to inform a licensee of the hearing right is an exception to the rule of *Day.*

In summary, I conclude that *Tooley* implicitly overrules our decision in *State v. Day, supra,* in situations when the notice of revocation or suspension does not meet the requirements of the statute. A defendant is not precluded from contesting the MVD revocation or suspension order in the criminal proceedings charging driving while suspended or revoked. A notice which is inadequate to inform the defendant of hearing rights does not void the order; it merely requires that the defendant be given another opportunity to contest the order insofar as it is used for prosecution of driving while suspended or revoked.

Defendant here has not established a basis for dismissing the charge of driving while revoked. I would reverse the order of dismissal and remand for trial. I dissent.