Argued and submitted August 28, reversed November 12, 1986, reconsideration denied
January 16, petition for review pending 1987

STATE OF OREGON,
*Respondent,*

*v.*

KEVIN JOE ATKINSON,
*Appellant.*

(85-CR-64; CA A37968)

728 P2d 564

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his conviction for felony driving while suspended, contending that it is based on an invalid notice of revocation. We agree and reverse.

The Motor Vehicles Division (MVD) administratively revoked defendant's license pursuant to the habitual offender statute, *former* ORS 484.727,[1] and *former* ORS 482.440.[2] The notice of revocation, dated October 19, 1984, provided that defendant's license was revoked effective 12:01 a.m., November 13, 1984, for an indefinite time. On the reverse side of the notice it provided that defendant could request a hearing within 20 days from the date of the notice. He failed to request a hearing.

In January, 1985, defendant was stopped while driving and was thereafter convicted for felony driving while suspended.[3] He contends that his conviction should be reversed, because it is based on a notice of revocation which does not satisfy *former* ORS 484.718.

---

[1] *Former* ORS 484.727 was repealed by Or Laws 1985, ch 16, § 475, and replaced by Or Laws 1983, ch 338, § 367, *as amended by* Or Laws 1985, ch 16, § 187, (now ORS 809.640) effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[2] At the time of defendant's suspension, *former* ORS 482.440 (*repealed by* Or Laws 1983, ch 338, § 978, *replaced by* Or Laws 1983, ch 338, § 348, (now ORS 809.360), effective January 1, 1986; Or Laws 1983, ch 338, § 981) provided:

"Whenever the division or a court has reason under any laws of this state to suspend or revoke the license or permit of any person who has not been issued a current Oregon license or permit to operate motor vehicles or whose license is due to expire during a suspension period, the division or court shall suspend or revoke the right of such person to apply for a license or permit to operate motor vehicles in this state."

[3] Defendant was convicted pursuant to *former* ORS 487.560 (*repealed by* Or Laws 1983, ch 338, § 978, *replaced by* Or Laws 1983, ch 338, § 598; ch 758, § 11, *as amended by* Or Laws 1985, ch 16, § 304; ch 672, § 6 (now ORS 811.175), effective January 1, 1986; Or Laws 1983, ch 338, § 981) which provided:

"(1) A person commits the crime of driving while suspended or revoked if the person drives a motor vehicle upon a highway during a period when the person's license or permit to drive a motor vehicle or the person's right to apply for a license to drive a motor vehicle in this state has been suspended or revoked by a court or by the division or if the person drives a motor vehicle outside the restrictions of an occupational license issued under ORS 482.475 or 484.735.

"* * * * *

"(6) Driving while suspended or revoked is a Class C felony if the suspension or revocation was the result of a finding that the person is an habitual traffic offender under ORS 484.727 * * *."

*Former* ORS 484.727 provided the procedure for MVD when a person was determined to be a habitual offender:

"(1)   When the division determines from the driving record of a person as maintained by the division that a person is a habitual offender as defined under ORS 484.705, the division shall do the following:

"(a)   Revoke the driving privileges of the person.

"(b)   Notify the person, as provided under ORS 484.718, of the revocation and of the person's right to a hearing as provided under this section.

"(2)   If the person makes a request for a hearing within the time required under ORS 484.718, the division shall stay the effective date of the revocation under this section." *See supra* n 1.

The notice requirement for the revocation of a habitual offender's license was provided in *former* ORS 484.718,[4] which provided, in part:

"(2)   A notice required under ORS 484.727 shall inform the person of *all* the following:

"(a)   That the person's driving privileges are being revoked as a habitual offender.

"(b)   That the person has a right to request a hearing.

"(c)   The specific steps that must be taken to obtain a hearing before the division.

"(d)   That the person may only obtain a hearing if the person requests, in writing, a hearing within 20 days from the date the notice was sent.

"(e)   That the right to a hearing is waived if the person does not request a hearing within the time required.

"(f)   *The date that the revocation of the person's driving privileges shall take effect unless a hearing is requested."* (Emphasis supplied.)

It is implicit in *former* ORS 484.718(2)(f), that a licensee was to be advised of the consequences of a request for a hearing, that is, that his revocation would be stayed. That was absent from the October 19, 1984, notice. Although the

---

[4] *Former* ORS 484.718 was repealed by Or Laws 1985, ch 16, § 475 and replaced by Or Laws 1985, ch 16, § 183 (now ORS 809.640), effective January 1, 1986. Or Laws 1985, ch 16, § 476.

notice did advise defendant of his right to a hearing, it clearly stated that the revocation would be effective November 13, 1984.

Pursuant to the rule set forth in *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), and our recent decision in *State v. Adams,* 78 Or App 428, 717 P2d 212, *rev allowed* 302 Or 86 (1986), we conclude that the notice is inadequate, because it failed to inform defendant fully of the consequences of his statutory right to a hearing.[5] *See also State v. Benner,* 81 Or App 613, 726 P2d 1209 (1986). The notice given cannot support a driving while suspended conviction.

Reversed.

---

[5] Although the present case differs from *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), and *State v. Adams,* 78 Or App 428, 717 P2d 212, *rev allowed* 302 Or 86 (1986), in that *former* ORS 484.727 does not provide for a *presuspension* hearing, we conclude that the rule set forth in those cases is applicable nevertheless.