# STATE OF OREGON,
*Respondent,*

*v.*

# AUDREY MARIE CLICK,
*Appellant.*

(M762870; CA A43520)

742 P2d 67

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Charlene Woods, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals her conviction for driving while suspended (DWS). ORS 811.175. At trial, she raised the affirmative defense of lack of notice of suspension, ORS 811.180(1)(b), and the sole issue is whether the trial court erred in finding that she did not meet her burden of proof on that issue. We affirm.

At trial, defendant stipulated that she was driving on a public highway while her license was in fact suspended. Included in the state's evidence was the envelope in which the Motor Vehicles Division (MVD) had mailed a copy of the suspension order by certified mail, restricted delivery, return receipt requested, to defendant at her address as shown by MVD records. ORS 809.430(3)(a). The envelope had been returned to the MVD marked "unclaimed." Defendant testified:

"Q:   Do you recall being stopped by the policeman on the 17th of June, 1986?

"A:   Yes, I do.

"Q:   And do you recall telling the policeman that you did not know that you were suspended, that you hadn't received notification of suspension?

"A:   Yes.

"Q:   Okay, and was that true?

"A:   Yes.

"Q:   Did you know that you were suspended at that time?

"A:   No."

She also testified that at all relevant times she had lived at the address shown by MVD records and that she received mail at that address. No other evidence was offered at trial.

Whether defendant met her burden of proof on the lack of notice defense is a question of fact. We are bound by the trial court's findings, if there is evidence to support them. *Ball v. Gladden,* 250 Or 485, 487-88, 443 P2d 621 (1968). Here, defendant does not contend that the notice of suspension was not mailed to her address as shown by MVD records or that that address is not her actual place of residence. She instead relies on the "unclaimed" notation on the envelope containing the notice of suspension and her testimony that she neither

received the notice of suspension nor had actual knowledge of the suspension. In *State v. DeMello,* 300 Or 590, 716 P2d 732 (1986), the Supreme Court stated:

"The legislature [provided] an affirmative defense [to DWS] and *placed the burden on the defendant to prove that he did not receive notice of the certified mail.* But this does not mean that the defendant must receive the actual letter of suspension. The legislature did not intend to create a loophole for suspended drivers by allowing them to avoid receipt of notice by refusing or failing to claim certified mail." 300 Or at 600. (Emphasis supplied.)

The evidence supports the trial court's finding, and we therefore affirm.

Affirmed.