## STATE OF OREGON,
*Respondent,*

*v.*

## ARVEY ALEXANDER WILSON,
*Appellant.*

(10-86-01908, 10-86-02541;
CA A42232 (Control), A42233)

760 P2d 897

Sally L. Avera, Deputy Public Defender, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

■ Defendant appeals two convictions for felony driving while suspended. He claims that the trial court erred in denying his motions for acquittal, because the notice from the Motor Vehicles Division (MVD) informing him of his license suspension was defective under *former* ORS 486.221, as construed in *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984). We affirm.

Deputy Sheriffs Ayers and Grimes stopped defendant twice while he was driving on public roads, in February, 1986, and again in March, 1986.[1] On both occasions, defendant was driving while his driver's license was suspended. His license had been suspended in 1983, as the result of two convictions for driving under the influence of intoxicants and for failing to provide proof of financial responsibility.

The 1983 suspension order was defective in that it failed to meet the requirements of *former* ORS 486.221, as construed in *State v. Tooley, supra. Tooley* was decided on August 28, 1984. On November 1, 1985, MVD sent defendant a letter purporting to correct the defects in the 1983 suspension order.[2] The text of that letter reads:

"RE: INFORMATION FROM TOOLEY LETTER
"NOTICE OF HEARING AVAILABILITY
"IMPORTANT - PLEASE READ
"* * *

"ON THE DATE SHOWN [November 9, 1983], YOUR DRIVING PRIVILEGES WERE SUSPENDED AND A SUSPENSION NOTICE WAS MAILED TO YOU.

"YOU MAY BE ELIGIBLE FOR A HEARING ON THE ABOVE SUSPENSION. THIS OPPORTUNITY FOR A HEARING COMES ABOUT AS A RESULT OF A SUPREME COURT DECISION WHICH HELD THAT THE FORM OF THE SUSPENSION NOTICE SENT BY THE MOTOR VEHICLES DIVISION AT THAT TIME DID NOT PROPERLY ADVISE PEOPLE OF THEIR RIGHT TO A HEARING. IF YOU WANT A HEARING, YOU MUST ASK FOR IT IN WRITING. YOUR

---

[1] The cases were consolidated for trial and appeal.

[2] Defendant claims that he never received the letter of November 1, 1985. That issue is discussed below.

REQUEST MUST BE POSTMARKED WITHIN 20 DAYS OF THE DATE OF THIS LETTER. TELL US IN YOUR REQUEST:

"YOUR FULL NAME, ADDRESS, DRIVER'S LICENSE NUMBER OR FILE REFERENCE NUMBER, DATE OF BIRTH, TELEPHONE NUMBER, AND BRIEFLY WHY YOU ARE ASKING FOR A HEARING. MAIL YOUR REQUEST TO: HEARINGS BRANCH, MOTOR VEHICLES DIVISION, PO BOX 17128, SALEM, OREGON 97305-7128.

"IF WE RECEIVE A WRITTEN REQUEST FROM YOU WE WILL:

"1. WITHDRAW THE SUSPENSION PENDING THE HEARING. (IF A SUSPENSION WAS ORDERED BY THE COURT BASED ON THIS SAME CONVICTION, THE COURT-ORDERED SUSPENSION WILL NOT BE WITHDRAWN.)

"2. SCHEDULE A HEARING AND NOTIFY YOU IN WRITING OF THE HEARING TIME AND PLACE.

"SOMETIME [sic] AFTER THE HEARING, A DECISION WILL BE ISSUED. A COPY OF THE DECISION WILL BE MAILED TO YOU. WHEN THE HEARINGS OFFICER FINDS IN YOUR FAVOR, YOU WILL BE ABLE TO GO TO ANY OFFICE OF THE MOTOR VEHICLE DIVISION AND GET YOUR LICENSE BACK, PROVIDED YOU ARE OTHERWISE ELIGIBLE. WHEN THE HEARINGS OFFICER FINDS AGAINST YOU, THE SUSPENSION WILL BE RE-IMPOSED FOR THE LENGTH OF THE TIME WHICH REMAINED AT THE TIME YOU REQUESTED THE HEARING. IN OTHER WORDS, THE ENDING DATE OF THE SUSPENSION WILL BE EXTENDED BY THE NUMBER OF DAYS THE SUSPENSION WAS WITHDRAWN PENDING THE OUTCOME OF THE HEARING.

"NOTE: YOU ARE NOT ELIGIBLE FOR A HEARING IF YOU WERE ALREADY GIVEN A HEARING ON THIS SUSPENSION PRIOR TO THIS NOTICE.

"IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE: CALL: [Name and telephone number]."

On appeal, defendant argues that that letter, too, is defective. Therefore, he asserts, his license was never validly suspended, and his current convictions cannot stand. We disagree. The

letter did satisfy *former* ORS 486.221, so defendant's license was validly suspended at the times that he was stopped.

Defendant relies on *State v. Adams,* 78 Or App 428, 717 P2d 212 (1986), *aff'd by an equally divided court,* 305 Or 330, 751 P2d 784 (1988). There, we held that a notice of suspension was invalid, because it was "possible to read the notice as stating that the suspension would become effective *even if* defendant requested a hearing." 78 Or App at 432. (Emphasis in original.) The notice sent to defendant does not suffer from the same defect. It specifies that, if defendant were to request a hearing, the suspension would be withdrawn pending the hearing and would be reimposed only if the hearings officer found against him.

Defendant next contends that the notice fails to inform him that his license will be suspended within 20 days and fails to provide for a hearing within that 20 days. He argues that *Tooley* mandates wholly *prospective* notice of a suspension. In other words, according to defendant, a proper notice must provide: "Your driving privileges have been restored and will be suspended in 20 days unless you request a hearing." However, *Tooley* and *former* ORS 486.221 require only that, *if* a hearing is requested, the suspension be held in abeyance until after the hearing. That requirement is reflected accurately in the letter that MVD sent to defendant.[3]

Defendant's last argument is that, even if the letter otherwise satisfied *former* ORS 486.221, the statute still was not complied with, because he did not receive the letter. The state and defendant stipulated that he did not receive it. *Former* ORS 486.221 required that notice of suspension and hearing rights be sent "as set forth in [*former*] ORS 482.570." *Former* ORS 482.570, in turn, required only that MVD send the letter "by certified mail, restricted delivery, return receipt requested to [defendant's] address of record." *State v. Click,*

---

[3] This is not a case that arises from defendant's driving at any time between the 1983 suspension and the 20th day after MVD sent the November 1, 1985, *"Tooley* correction letter." Rather, defendant was convicted for acts that occurred more than three months after the letter in question.

305 Or 611, 616, 755 P2d 693 (1988). The evidence shows that the letter was mailed to defendant at his address of record.[4]

Affirmed.

---

[4] The record does not reveal whether the letter was sent by certified mail, restricted delivery, return receipt requested. However, defendant has not argued that it was not sent in that fashion, and he has the burden of proof on that issue. *State v. Click, supra,* 305 Or at 619.