Argued and submitted February 22, reversed and remanded for new trial
November 2, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEPH SWEET,
*Appellant.*

(241-C-86; CA A43795)

763 P2d 739

Garry L. Reynolds, Hermiston, argued the cause for appellant. With him on the brief was Reynolds & Smith, P.C., Hermiston.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for driving with a suspended license. ORS 811.182. His sole contention is that the trial court erred in not giving his requested instruction on the statutory defense of necessity. ORS 811.180(1)(a). The instruction should have been given. We reverse.

The state did not appear; therefore, we set out the facts as presented by defendant. *See State Dept. of Trans. v. Scott,* 59 Or App 25, 28, n 2, 650 P2d 158 (1982). Defendant's employer asked him to drive a truck loaded with lumber from Mt. Vernon, to Mitchell, a distance of 63 miles. Defendant's license was suspended at the time. He got into the truck on the driver's side while his wife entered on the passenger side. At trial, defendant's wife testified that he had started the truck and then asked if she wanted to drive. She agreed, and they switched seats inside the cab. Other witnesses called on behalf of defendant testified generally to the effect that defendant was in the passenger seat of the vehicle and that his wife was driving.

Approximately three miles east of Mitchell, as the truck was descending a hill, a buzzer went off, indicating low air pressure in the brake system. According to defendant's wife, defendant told her to "dynamite" the brakes, but she did not know what he meant, and she could not control the truck. Defendant then climbed over the console between them to assist her. The truck swerved several times, then went off the road and overturned. Defendant's wife was found outside the truck, buried under spilled lumber, and defendant was trapped in the cab on the driver's side. Defendant's wife made several statements to rescuers which indicated that defendant was driving the truck at the time of the accident. Defendant did not testify.

The state contended at trial that defendant had driven the truck during the entire trip. Defendant's contention was that he took the wheel only after his wife lost control of the vehicle and, consequently, his driving was in response to an emergency. ORS 811.180(1)(a). There was circumstantial evidence to support both contentions.

Defendant requested this instruction on the defense of necessity:

"In a prosecution for driving while suspended it is an affirmative defense that injury or immediate threat of injury to a human being or an animal and the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question. Therefore, the defendant is not guilty of the offense charged if the defendant establishes by a preponderance of the evidence that:

"(1) Either an injury or an immediate threat of injury to a human being or an animal existed; and

"(2) The urgency of the circumstances made it necessary for the defendant to drive at the time and place in question."

The instruction is a correct statement of the law under ORS 811.180(1)(a), and defendant preserved the claim of error when the trial court refused to give the instruction. *See* ORS 136.330(2); ORCP 59H. Defendant contends that it should have been given, because the evidence supported a finding of necessity.

■ Although driving while suspended is a strict liability offense, *State v. Click,* 305 Or 611, 614, 755 P2d 693 (1988); *State v. Buttrey,* 293 Or 575, 579-87, 651 P2d 1075 (1982), certain affirmative defenses are available, including the defense of necessity. ORS 811.180(1)(a) provides:

"(1) In addition to other defenses provided by law, * * * it is an affirmative defense to the offenses described in ORS 811.175 [driving while suspended] that:

"(a) An injury or immediate threat of injury to a human being or animal, and the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question * * *."

Because it is an affirmative defense, defendant had to show by a preponderance of the evidence that he actually and reasonably believed that (1) there was an injury or immediate threat of injury to human or animal life and (2) that the urgency of the circumstances made it necessary for him to drive. *State v. Brown,* 306 Or 599, 606-07, 761 P2d 1300 (1988); *State v. Haley,* 64 Or App 209, 212-13, 667 P2d 560 (1983). As to the latter, both the magnitude of the actual or threatened injury and the time necessary to avert or remedy the injury or threatened injury are circumstances to consider. *State v. Brown, supra,* 306 Or at 607.

■ The affirmative defense of necessity should only be

withdrawn from a jury's consideration if there is no evidence in the record to support the elements of the defense. *State v. Brown, supra,* 306 Or at 605. Defendant's wife's testimony was evidence from which the jury could find the required elements of the defense. It was error to decline the requested instruction, and the error requires reversal because the instruction would have informed the jury of a legitimate basis for acquittal.

Reversed and remanded for a new trial.