Submitted on remand from the Oregon Supreme Court June 29, reversed and remanded for a new trial November 2, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# RAYMOND HARRY PIPER,
*Appellant.*

## (87CR-0757; CA A45230)

763 P2d 741

Kent W. Day and Ormsbee & Corrigall, Coos Bay, for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem, for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The Supreme Court remanded this case to us for reconsideration in the light of *State v. Click,* 305 Or 611, 755 P2d 693 (1988). At issue is defendant's affirmative defense of lack of notice that his license had been suspended. We reverse and remand.

Defendant was arrested for driving while suspended. At trial, the parties stipulated that he was driving a motor vehicle on a public street and that, at the time, his license to drive was suspended. He asserted the affirmative defense of lack of notice, ORS 811.180(1)(b), and testified that he did not know of the suspension until he was arrested. The state's evidence included a letter from the Motor Vehicles Division in an envelope marked "Attempted-Not known." Defendant acknowledged that the envelope bore the correct address but testified that he had not received the letter or any notification from the post office that there was a certified letter for him. The state offered no evidence that defendant had received a "pink slip." *See State v. Click, supra,* 305 Or at 613, n 1.

The trial court held that the state had overcome defendant's affirmative defense by showing that notice of the suspension was sent to defendant's address. The court did not make any finding as to whether defendant had received a "pink slip."

Under ORS 811.180(2)(a), a defendant cannot avail himself of the affirmative defense if he has refused to sign a receipt for the certified mail containing the notice. In *State v. DeMello,* 300 Or 590, 716 P2d 732 (1986), the court held that, when the defendant received the "pink slip," he received the notice required by the statute. In *State v. Click, supra,* the court concluded that the defendant had to show she did not receive a "pink slip" or the notice of suspension in order to satisfy the affirmative defense.

In this case, defendant testified that he did not receive a "pink slip." Because the court applied the legal standard that it did, it did not make a factual finding as to whether he did or did not receive the notice and the "pink slip." The court erred in refusing to consider the affirmative defense.

Reversed and remanded for a new trial.