## STATE OF OREGON,
*Respondent,*

*v.*

## MARK EDMUND PHILLIPS,
*Appellant.*

(86-1448-K, 86-1544-K;
CA A43847 (Control), A43848)
(Cases Consolidated)

765 P2d 230

Mark Kardell, Grants Pass, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Margaret E. Rabin, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

*D*

.

### ROSSMAN, J.

Defendant seeks reversal of his convictions for driving while suspended (DWS) on November 28, 1986, and December 12, 1986. ORS 811.175. On appeal, he argues that he received inadequate notice of his right to a pre-suspension hearing. We affirm.

On October 16, 1986, the Motor Vehicles Division (MVD) mailed defendant a notice of its intent to suspend his driver's license for failure to provide proof of future financial responsibility. ORS 809.410(10). The notice stated, in relevant part:

> "You are required to keep proof of future financial responsibility on file with the Motor Vehicles Division (DMV). You have not filed the proof with us, or your auto insurance company has cancelled your filing. Based on this information, your driving privilege will be suspended by the DMV beginning at 12:01 AM on the morning of November 15, 1986.
>
> "* * * * *
>
> "You have a right to a hearing on this suspension. If you want a hearing, send your request to: Hearings Branch, Motor Vehicles Division. * * * The request must be in writing and must be received by the Hearings Branch within 28 days of the date of this notice. * * *
>
> "* * * * *
>
> "If you do request a hearing, this suspension will be withdrawn pending the outcome of the hearing.
>
> "* * * * *
>
> "If DMV receives the proof of future financial responsibility before the suspension begins, we will stop this suspension."

Defendant did not request a hearing, and the suspension took effect as scheduled. Defendant was subsequently charged with driving while suspended.

Relying on *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), and *State v. Adams,* 78 Or App 428, 717 P2d 212

(1986), *aff'd* 305 Or 330, 751 P2d 784 (1988),[1] defendant argues that ORS 809.430 and ORS 809.440 implicitly require DMV to notify individuals whose driving privileges it intends to suspend of their right to a *pre-suspension* hearing. Defendant points out that the notice sent him did not say that his request for a hearing would *prevent* the suspension from occurring. Rather, it stated that, if a hearing were requested, the suspension would be *withdrawn.* According to defendant, the notice could be read to mean that his license already had been suspended and would remain suspended unless and until he requested a hearing. Because he received inadequate notice that he would not be suspended on November 15 if he requested a hearing, he argues, his DWS convictions cannot stand.

Defendant's argument is just an exercise in semantics. The notice, dated October 16, 1986, stated that the suspension would go into effect on November 15, 1986. It also indicated that, if defendant made a written request for a hearing within the next 28 days, his suspension would be withdrawn. It therefore was obvious that defendant's driving privileges would not be suspended without a hearing, if he requested one. Although the notice may have been inartful insofar as it set forth conditions for "withdrawing" a suspension that had not yet gone into effect, it nevertheless adequately apprised him of the consequences of his request for a hearing. *See State v. Adams, supra,* 78 Or App at 432; *see also State v. Wilson,* 93 Or App 42, 760 P2d 897 (1988).

Affirmed.

---

[1] Defendant also relied on *State v. Atkinson,* 82 Or App 287, 728 P2d 564 (1986), *aff'd* 305 Or 295, 751 P2d 784 (1988), for the proposition that a licensee must be advised of the consequences of a request for a hearing. *Atkinson* is inapposite to this case, because it involved a habitual offender suspension and is based on significantly different statutory language from ORS 809.430 or ORS 809.440. *See State v. Atkinson, supra,* 305 Or at 299.