STATE OF OREGON, *Respondent,*
*v.*
WILLIE THOMPSON, *Appellant.*
(No. C 76-03-03725, CA 7013)
567 P2d 132

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

John K. Hoover, Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Harl Haas, District Attorney, Portland.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

**THORNTON, J.**

The single issue presented in this criminal appeal is whether the trial court erred in overruling defendant's motion to suppress testimony by a polygraph examiner concerning incriminating admissions made to the examiner by defendant during a pretest interview prior to a polygraph examination. Due to circumstances, however, the examination was never completed.

Defendant appeals assigning as error the overruling of his motion to suppress the testimony of the polygraph examiner.

The essential facts are as follows: Defendant and two others were indicted for the crimes of robbery, kidnapping and rape. The state's theory was that all three crimes were committed in the course of a single criminal escapade. Defendant pled not guilty to all charges.

Prior to trial defendant's counsel moved the Multnomah County Circuit Court for an ex parte order authorizing the giving of a polygraph examination to defendant by Officer Lattin of the Oregon State Police. The purpose of the examination was to substantiate for defendant's counsel the truthfulness of defendant's denial of any involvement in the incident. The request was granted and an examination was arranged with Officer Lattin pursuant to the circuit court order. The order stipulated that the results would be provided only to defense counsel.

At trial the state called Officer Lattin as a witness. He testified over defendant's objection that he first advised defendant that he had a right to remain silent, that he was not required to take the polygraph examination, and that anything defendant said could be used against him in a court of law; that during the pretest interview, defendant, after at first denying categorically any involvement in the crimes charged, later contradicted himself and gave the examiner a

detailed account of his participation in the criminal escapade with two other persons, which the officer then proceeded to recite to the jury. Officer Lattin testified further that following these admissions he told defendant to go back and talk with his attorney, admonishing him as to the necessity of being absolutely truthful with defense counsel.

The thrust of defendant's argument on appeal is that the examination was undertaken pursuant to a court order which provided that the results would be furnished only to defense attorneys; that defendant was told by the examiner that the use of the results would be similarly limited; that the state therefore had no authority to call the examiner and elicit the incriminating statements; that the pretest interview was an integral part of the test; and that the admissions constituted confidential communications subject to the attorney-client privilege.

The state counters with these arguments: that the court order limiting disclosure of the results of a polygraph examination has no bearing on the admissibility of defendant's statements; that the statements were not confidential communications subject to the attorney-client privilege, were entirely voluntary and were fully admissible.

The state does not dispute that defendant was informed both by his counsel and by Officer Lattin, the polygraph examiner, that he was to be given a polygraph examination under a protective court order, and that the results would be disclosed only to his attorneys. While it is true that Officer Lattin told defendant that anything he said could be used against him in a court of law, the officer also told him that the results of the examination would be given only to his counsel.

The challenged admissions were tantamount to a confession of guilt. While we are not prepared to agree with defendant's contentions that these admissions (a) constituted "results" of the test as that term was used in the protective order, or (b) that they are within the

scope of the attorney-client privilege created by ORS 44.040(1)(b),[1] we are persuaded by defendant's argument that he was led to believe from both the above representations and the protective order of the circuit court that everything that was said and done during the examination would be secret and would be disclosed only to his attorneys. To use admissions made by and obtained from a defendant under the above circumstances smacks of deception and falls short of the standards of fair play in criminal proceedings inherent in our system of justice. Accordingly, we hold that it was reversible error to allow the polygraph examiner to testify concerning statements obtained under the circumstances shown in this case.

In *Shotwell Mfg. Co. v. United States,* 371 US 341, 83 S Ct 448, 9 L Ed 2d 357 (1963), the United States Supreme Court observed:

> "A coerced confession claim, whether founded on a promise of immunity or otherwise, always involves this question: did the governmental conduct complained of 'bring about' a confession 'not freely self-determined'? * * *" 371 US at 348.

In our view the conduct of the state in this case, while not amounting to the obtaining of a confession by means of fraud or trickery, nevertheless did bring about the challenged admissions and requires their suppression. As the United States Supreme Court observed in *Mooney v. Holohan,* 294 US 103, 112, 55 S Ct 340, 79 L Ed 791 (1935), which involved the presentation by the prosecution of perjured testimony, such actions violate those "fundamental conceptions of justice which lie at the base of our civil and political institutions" and define the community's sense of fair

---

[1] ORS 44.040(1)(b) provides:

"(1) There are particular relations in which it is the policy of the law to encourage confidence, and to preserve it inviolate; therefore a person cannot be examined as a witness in the following cases:

"* * * * *

"(b) An attorney shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon, in the course of professional employment."

[ 383 ]

play and decency and violate the Due Process Clause of the Fourteenth Amendment. *See also, Ham v. South Carolina,* 409 US 524, 93 S Ct 848, 35 L Ed 2d 46 (1973); *Lisenba v. California,* 314 US 219, 62 S Ct 280, 86 L Ed 166 (1941); *Hebert v. Louisiana,* 272 US 312, 47 S Ct 103, 71 L Ed 270 (1926).

Reversed and remanded.