Argued May 31, reversed and remanded for
a new trial August 20, 1979

STATE OF OREGON,
*Respondent,*
*v.*
ISAAC THEODORE SKELTON,
*Appellant.*

(No. CC-77-719, CA 13166)

599 P2d 1171

William J. Howe, III, Portland, argued the cause for appellant. With him on the brief was Delo & Howe, Portland.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler, Joseph, Judges, and Peterson, Judge Pro Tempore.

BUTTLER, J.

## BUTTLER, J.

Defendant appeals from his conviction of theft in the first degree, ORS 164.055, contending that the trial court erred in admitting evidence of a polygraph test to which defendant voluntarily submitted, or the results thereof. Several arguments are made in support of that contention, but in view of our disposition of the case, only one of them need be considered.

Defendant was employed by Tillamook County; his job encompassed the collection and transfer of county money received from campsites in a county park. When it became apparent that all of the money collected was not accounted for, an investigation was commenced revolving around defendant's activities with respect to the collection and accounting of the money.

During the course of the investigation, and before defendant was arrested or indicted, he voluntarily submitted to a polygraph examination, which he thought would clear him of suspicion. Tillamook County did not employ a licensed polygraph examiner, so it borrowed one, William Goin, from Washington County, who conducted the examination. He advised defendant that he was a police officer and had been asked to conduct the polygraph examination; he advised defendant of his *Miranda* rights and explained to defendant that the results of the polygraph examination could not be used as evidence in court unless defendant signed a written "stipulation" agreeing that it could be. Defendant, stating that he wished to have the results admitted in evidence, signed the "stipulation" presented to him by Goin. The standard Washington County form used here did not state that the examinee agreed to the admissibility in evidence of the examiner's opinion, so language (underlined in

---

[1]

"WASHINGTON COUNTY DEPARTMENT
OF PUBLIC SAFETY

"DATE 7-20-7.7.      TIME 2:12 P.M.

"I, Isaac Theodore Skelton, do hereby request, voluntarily, without

the "stipulation" set forth in full in the margin)[1] by which defendant agreed was written in and initialed by defendant at Goin's suggestion. The examination was then administered and the results, according to Goin, indicated that defendant was not telling the truth.

Immediately prior to trial, defendant filed a motion to exclude evidence of the polygraph test on the ground, among others, that the "stipulation" had not been signed by the Tillamook County district attorney. The motion was denied. Defendant's objection to the receipt of the testimony of the polygraph examiner was overruled and his subsequent motion for a mistrial denied.

■ ■   Evidence of the results of a polygraph test is not admissible in evidence unless both the state and the

---

duress, coercion, threats, promises of reward or immunity, to be examined by the Stoelting Polygraph (lie detector) Detector, Detection of Deception Technique.

"I have had the nature of this examination explained to me and do hereby consent both to the placing of the necessary apparatus upon my person, and the use of any electronic hearing or recording devices operated contemporaneously with this examination for the recordation of emotional and vocal responses. I have been advised that unless under stipulation, the polygraph chart or the examiner's opinion of his reading of the chart are not admissible in court. However, I understand that any question answered or statements made by me during this interview and/or examination are admissible in court against me. *I hereby stipulate the examiner's opinion will be admissible in court.*

"I have been advised that I have the right to stop the interview and/or polygraph examination at any time. I do hereby release and forever hold harmless the Washington County Sheriff's Office, their agents and employees, from any liability flowing either from the operation of the devices or the use of the results obtained therefrom.

"I have read the above and understand its content. I am willing to take the polygraph examination, which will be administered by W. P. Goin regarding Theft of County Money.

| "Signature | [Isaac T. Skelton] |
| "Date/Time | 7-20-77   2:12 P.M. |
| "Witnessed | W. P. Goin |
| "Date/Time | 7/20/77   2:14 P.M." |

(Emphasis supplied.)

defendant stipulate to its admissibility. *State v. Green,* 271 Or 153, 531 P2d 245 (1975); *State v. Bennett,* 17 Or App 197, 521 P2d 31 *rev den* (1974). *Cf. In re Herbert D. Black,* 251 Or 177, 444 P2d 929 (1968). It is clear from the stipulation in this case that only the defendant agreed that the results of the examination could be admitted in evidence. Mr. Goin, the examiner, signed the document as a witness. There is nothing either in the body of the "stipulation," or a signature, that even purports to bind the state to agree to the admissibility of the results of the polygraph examination in the event it was favorable to the defendant. In fact, the form used does not contemplate that the examiner's opinion will be used in evidence by virtue of the examinee's signing of that document. It expressly states: "I have been advised that unless under stipulation, the polygraph chart or the examiner's opinion of his reading of the chart are not admissible in court." Clearly, the form used contemplates a separate stipulation signed by both the district attorney and the defendant before results of the examination are admissible.

We conclude, therefore, that the evidence was inadmissible, and we cannot say that the trial court's error in admitting it was not prejudicial.

Reversed and remanded for a new trial.