Argued and submitted October 17, reversed and
remanded for new trial November 26, 1979

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL RALPH DEMINSKI,
*Appellant.*

(No. 18-714, CA 14521)

602 P2d 1099

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

This case involves a Washington County burglar so prolific that he could not keep track of which of his many burglaries he was charged with or which he intended to confess to. With this preliminary caution, we guide the reader down this confusing path. Defendant appeals from his conviction after trial to the court for first degree burglary of a house at 1615 S. E. Alder Street in Hillsboro. He contends that his confession of that burglary was involuntary and should have been suppressed.

On December 1, 1978, defendant was arrested by the Hillsboro Police Department regarding the 1615 S. E. Alder Street burglary. Two days later, after being given *Miranda* warnings, the defendant confessed to the Hillsboro police and the Washington County Sheriff's Office to two burglaries other than the burglary at 1615 S. E. Alder Street, but including one on the other side of Alder Street.

On December 5, two Washington County Sheriff's detectives contacted the defendant. After reminding him of his constitutional rights, they told defendant that they wished to talk with him about burglaries he was involved in. Defendant stated that he did not wish to talk. One of the detectives explained to the defendant that he knew defendant would soon be charged with two burglaries and that he did not wish defendant to discuss these two burglaries. Specifically, he told defendant not to discuss the burglary of a house on N. W. 216th Street which the Washington County Sheriff's Office planned to charge him with. He also told defendant not to discuss the Hillsboro burglary with which he was going to be charged. That burglary was the one at 1615 S. E. Alder Street but the detective did not know that. He presumed defendant knew which Hillsboro burglary he was going to be charged with. He told defendant that the detectives wished to clear up other burglary investigations in the county and asked him to inform them of the other burglaries

[315]

that he knew about without fear of being prosecuted for them.

Defendant agreed to this arrangement. He testified that he understood he was to be charged with burglarizing. He did not know which Hillsboro house the agreement involved, however, because he did not know which burglary he was going to be charged with. He therefore simply picked a Hillsboro burglary not to discuss, namely, the one on the other side of Alder Street, and assumed that he would not be prosecuted for all the other burglaries he pointed out. As the defendant put it, the others were "freebies."

In the course of showing the detectives houses which he knew had been burglarized, defendant showed the house at 1615 S. E. Alder Street. He told the detectives that he and his roommate burglarized this house. This is the confession which was admitted at trial and is at issue on appeal.

The trial court ruled the confession admissible based on its findings that it was made voluntarily and in waiver of defendant's right not to testify against himself.

We conclude that the defendant did not waive his right not to have his statements used against him in court, *i.e.,* not to bear witness against himself. When the detectives reminded defendant of his constitutional rights he stated that he did not wish to talk. His understanding of the subsequent agreement, that any admission would not be used against him, evoked his confession. Self-incriminating statements may not be used against one who, subjected to custodial interrogation, has not waived the protection of the Fifth Amendment. *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966). Therefore, it was error to admit the detectives' testimony regarding this confession at trial. *Cf. State v. Thompson,* 30 Or App 379, 567 P2d 132 *rev den* (1977).

The confession was one of the factors relied upon by

he trial court in concluding that defendant was guilty f the burglary at 1615 S. E. Alder Street. The error herefore was not harmless and we reverse and remand for a new trial.

Reversed and remanded for new trial.