Argued and submitted June 23, reversed and remanded for further proceedings August 25, 1980

# STATE OF OREGON,
*Respondent,*
*v.*
# ERNEST JOHNSON, JR.
*Appellant.*
## (No. C 79-06-32130, CA 15993)
615 P2d 1181

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. On the brief were Gary D. Babcock, Public Defender, and James E. Mountain, Jr., Deputy Public Defender, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

Defendant appeals from conviction of being an ex-convict in possession of a firearm. ORS 166.270. His sole assignment of error is the trial court's overruling of his objection to evidence of admissions made in the course of interrogation after completion of a polygraph examination.

The state and the defendant stipulated to the polygraph examination as follows:

"1. That the defendant will take a polygraph examination to be administered by Detective Dean R. Maunu, a qualified polygraph examiner for the Portland Police Bureau.

"2. That the results of the said polygraph examination will be admissible in court in the trial of the above-entitled case.

"3. That this stipulation is contingent upon the defendant's complete cooperation in the polygraph examination, and, if at any time during the examination the examiner determines that the defendant is not fully cooperating, the examination shall terminate and this stipulation shall be void and have no effect whatsoever.

"4. It is further stipulated that the results of the polygraph examination will be admissible in court in the trial of the above-entitled case. If the results of the polygraph are inconclusive, neither side will mention the polygraph examination during trial. However, statements made during the examination which are relevant will be used at trial.

"5. That the issue to be determined through the polygraph examination is whether the defendant did in fact commit the crime of Possession of a Controlled Substance and Ex-Convict in Possession of a Firearm. This will in no way limit the examiner in proposing and using any additional questions which he feels would be necessary or helpful to the conduct of the examination."

Additionally, the defendant signed a certificate of understanding as follows:

"1. That I have discussed the matter of taking a polygraph examination and the effect of the above stipulation with my attorney, Robert Theummel.

"2. That I have read and do understand the above stipulation as to the admissibility of the results of a polygraph examination in the trial of the charges of Possession of a Controlled Substance and Ex-Convict in Possession of Firearm alleged to have occurred on June 24, 1979, at or about Portland, Oregon, which is currently pending against me in Circuit Court.

"3. I understand that the results of a polygraph examination would not be admissible in a court of law unless I enter into a stipulation regarding their admissibility.

"4. I understand that by taking a polygraph examination I waive my rights to presence of counsel and the right to remain silent. I understand that any statements made by me during the said polygraph examination may be used against me in a court of law."

Counsel for defendant was not present during the polygraph examination.

At the conclusion of the examination, Detective Maunu was of the opinion that defendant was being deceptive in his answers to questions concerning the possession of the firearm. The detective advised defendant that he did not believe defendant had answered the relevant questions truthfully. The detective continued to interrogate defendant and, after some time, elicited incriminating admissions.

Before the jury was empaneled, defendant orally moved to suppress the statements made to Detective Maunu after the completion of the polygraph examination. The trial court denied the motion. Later during the trial, defendant objected to admission of the statements in evidence when they were offered by the state. The objection was overruled.

■ The state did not request, and the court did not hold, a hearing to determine whether the admissions were voluntary prior to offering defendant's admissions in evidence as required by *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964). Nor was a hearing

[1168]

held to determine whether, as to the post-polygraph admissions, defendant waived his Miranda rights. *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR 3d 974 (1966). Defendant had been advised of his Miranda rights before the polygraph examination. By the stipulation defendant waived these rights for purposes of the polygraph examination. Use of a polygraph test in evidence is limited by the terms of the court order or stipulation authorizing the test. *State v. Thompson,* 30 Or App 379, 567 P2d 132 (1977), and *State v. Skelton,* 41 Or App 497, 599 P2d 1171 (1979). The parties stipulated that the results of the examination or the statements made during the examination would be used at trial. The statements to which defendant objected were made after the examination had ended and were not within the stipulation.

■ In *State v. Singleton,* 288 Or 89, 602 P2d 1059 (1979), the Supreme Court stated:

> "[W]e hold that when in such a case a defendant, after arrest and upon being questioned by the police, exercises his right to remain silent and also informs the police of his desire to exercise his right to consult with an attorney, the police must 'scrupulously honor' those rights; and when in such a case it is contended by the state that the defendant has subsequently waived those rights there is a presumption that the waiver was involuntary and the state has a 'heavy burden' to demonstrate that the defendant knowingly and intelligently waived those rights; and that the determination whether there was such a waiver is to be made upon an inquiry into the 'totality of the surrounding circumstances.'"

In this case the state has failed to carry its burden of showing a voluntary waiver. The trial court erred in admitting in evidence defendant's incriminating statements which were made after the polygraph examination without requiring the state to make a clear showing that the admissions were voluntary and that defendant waived his constitutional rights to remain silent and to have counsel present.

We reverse the judgment of conviction and remand this case to the trial court. At the election of the state, the trial court may either (1) grant a new trial, or (2) hold a hearing to determine whether defendant waived his rights to remain silent and to have counsel present, as to statements made by him after the polygraph examination was concluded, and whether his statements were voluntary. If the trial court makes affirmative findings on these issues, it should enter a new judgment of conviction based on those findings and the verdict heretofore returned by the jury, giving defendant credit for time served on the vacated sentence. *State v. Brewton, supra,* and *State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1977).

Reversed and remanded for further proceedings.