Argued and submitted September 30, judgment vacated and remanded for further proceedings October 28, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## MOISES SALVADAR GARCIA,
*Appellant.*

(CR6-0906-34; CA A42866)

744 P2d 1007

Thomas J. Crabtree, Bend, argued the cause for appellant. With him on the brief was Crabtree & Rahmsdorff, Bend.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant was convicted in a jury trial of giving a false name and birthdate to a police officer. ORS 807.620.[1] He appeals, and we vacate the judgment and remand for further proceedings.

At trial, the court admitted in evidence certain inculpatory statements made by defendant to the police. Defendant contends that those statements were involuntary and that they resulted from a custodial interrogation that was not preceded by advice of defendant's *Miranda* rights. The trial court did not hold a hearing to determine whether the statements were voluntary, as required by *State v. Brewton*, 238 Or 590, 395 P2d 874 (1964). The state concedes, and we agree, that that was error. We therefore vacate the judgment and remand to the trial court. The trial court, at the election of the state, may either hold a hearing to determine the voluntariness of defendant's statements or grant defendant a new trial. *State v. Brewton, supra,* 238 Or at 602-603.

If the state elects to have the hearing on the voluntariness of defendant's statements and the trial court finds that the statements were made voluntarily, the court should enter a new judgment of conviction based on that finding and the jury verdict previously returned. *State v. Johnson,* 47 Or App 1165, 1170, 615 P2d 1181 (1980). If the court finds that the statements were not voluntary, an appropriate finding should be made and an order entered allowing the state a reasonable time in which to elect whether to try defendant again. *State v. Brewton, supra,* 238 Or at 604.

Judgment of conviction vacated and remanded for further proceedings not inconsistent with this opinion.

---

[1] ORS 807.620(1) provides:

"A person commits the offense of giving false information to a police officer if the person knowingly uses or gives a false or fictitious name, address or date of birth to any police officer who is enforcing motor vehicle laws."