Argued and submitted November 20, affirmed in part, vacated and remanded in part December 30, 1987, reconsideration denied February 12, petition for review denied May 24, 1988 (305 Or 672)

## STATE OF OREGON,
*Respondent,*

*v.*

## SONIA LYNN RYAN,
*Appellant.*

(M804448, M804449; CA A44673)

747 P2d 408

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals her convictions for driving while her license was suspended (DWS), ORS 811.175, and reckless driving. ORS 811.140. We affirm the DWS conviction, vacate the reckless driving conviction and remand for further proceedings.

■ Defendant first contends that the trial court erred in denying her motion for judgment of acquittal on the reckless driving charge, because there was no evidence that she was driving "recklessly" as that word is defined in ORS 161.085(9):[1]

> " 'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

Generally, proof of a defendant's mental state must rest on inferences drawn from evidence concerning "the action element" of the offense, *State v. Mitchell,* 48 Or App 485, 488, 617 P2d 298 (1980), which, in reckless driving, is driving "a vehicle upon a highway or other premises described in this section in a manner that endangers the safety of persons or property." ORS 811.140(1). Here, there was ample evidence from which the jury could find that defendant was driving in such a manner and "recklessly" within the meaning of ORS 161.085(9). The trial court did not err in denying the motion.

■ Defendant next contends that the trial court erred in admitting certain statements defendant allegedly made to the officers without the court's holding a hearing to determine the voluntariness of the statements as required by *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964). That was error. *State v. Garcia,* 88 Or App 169, 744 P2d 1007 (1987). We therefore vacate the judgment on the reckless driving charge and remand to the trial court.

---

[1] Under ORS 811.140(2), "[t]he use of the term 'recklessly' * * * is as defined in ORS 161.085."

At the election of the state, the trial court may either hold a *Brewton* hearing or grant defendant a new trial. *State v. Garcia, supra.* If the state elects to have a hearing on the voluntariness of the statements, and if the trial court finds that the statements were voluntarily made, a new judgment of conviction shall be entered based on that finding and the jury verdict previously returned.[2] *State v. Garcia, supra.* If the trial court finds that the statements were not voluntary, an order shall be entered allowing the state a reasonable time within which to elect whether to try defendant again. *State v. Garcia, supra.*

■ Defendant next contends that the trial court erred in denying her motion for judgment of acquittal on the DWS charge, because she and a housemate testified that she neither received notice of the suspension nor had knowledge of the suspension. We rejected the same argument in *State v. Click,* 87 Or App 272, 742 P2d 67 (1987), *aff'd* 305 Or 611, ___ P2d ___ (1988). There was no error.

Conviction for driving while suspended affirmed; conviction for reckless driving vacated and remanded for further proceedings not inconsistent with this opinion.

---

[2] Defendant does not assign error to the trial court's failure to instruct the jury on the voluntariness of those statements.