Argued and submitted March 27, affirmed September 13, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## SONIA LYNN RYAN,
*Appellant.*

(M804449; CA A50015)

779 P2d 213

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Graber, Judges.

NEWMAN, J.

## NEWMAN, J.

In *State v. Ryan,* 89 Or App 129, 747 P2d 408 (1987), *rev den* 305 Or 672 (1988), we vacated defendant's conviction for reckless driving, ORS 811.140, and remanded the case for further proceedings. We stated:

"At the election of the state, the trial court may either hold a *Brewton* hearing or grant defendant a new trial. *State v. Garcia,* [88 Or App 169, 744 P2d 1007 (1987)]. If the state elects to have a hearing on the voluntariness of the statements, and if the trial court finds that the statements were voluntarily made, a new judgment of conviction shall be entered based on that finding and the jury verdict previously returned. *State v. Garcia, supra.* If the trial court finds that the statements were not voluntary, an order shall be entered allowing the state a reasonable time within which to elect whether to try defendant again. *State v. Garcia, supra.*" 89 Or App at 132. (Footnote omitted.)

On remand, the court held a hearing pursuant to *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964), to determine the voluntariness of defendant's statements. In her closing argument at the hearing, defendant asserted that the court should have considered the *Miranda* issues in determining voluntariness. The court declined to do so, stating that we had directed it to hold a *Brewton* hearing only, and not a *Miranda* hearing.[1] It ruled that defendant's statements were voluntary and not coerced and entered a new judgment of conviction, from which defendant appeals.

Defendant urges that the court erred

"when it held that the *Brewton* hearing ordered by [the Court of Appeals] did not require it to consider any issues arising under *Miranda v. Arizona,* [384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966)], in the determination of 'voluntariness.' "

---

[1] The court stated:

"*Brewton* refers to the voluntariness, whether the confession, or incriminating statement, was forced by the conduct of the police, was the mind and the will of the defendant overcome under the totality of the circumstances. That's *Brewton.* That's what the Court of Appeals sent this case back on. They did not mention *Miranda,* they said hold a *Brewton* hearing. A *Brewton* hearing is a hearing on the voluntariness issue. I am perfectly satisfied, as I held before, that these statements were not coerced, and I made a finding to that effect. I did not make a finding in our post-trial hearing * * * on *Miranda* because I was not directed to by the Court of Appeals. And, therefore, obviously if I did not make a holding on that, I did not make findings of fact and conclusions of law on that."

We interpret the assignment to mean that the court erred at the *Brewton* hearing when it did not consider, either under Article I, section 12, of the Oregon Constitution or under the Fifth Amendment, whether the police should have given *Miranda* warnings and the effect of any failure to warn.[2] Defendant requests that we vacate the conviction and remand again for the court to hold another *Brewton* hearing to consider the *Miranda* issue. We affirm.

The only witness at the *Brewton* hearing was Officer Bunch. Although defendant had the opportunity to develop the record fully at the *Brewton* hearing, Bunch's testimony is undisputed. On January 8, 1987, she stopped defendant for erratic driving. Defendant told Bunch that her passenger was having breathing problems and that she needed to take him to the hospital. Bunch told defendant that she would follow her to the hospital and "take care of matters there." Defendant continued to drive erratically and appeared not to know the way to the hospital. Bunch then drove in front of defendant while another officer drove behind.

After the passenger was admitted to the hospital, Bunch and defendant remained in the area of the emergency room counter. Other persons, including doctors and nurses, were present. Defendant asked Bunch if she could sit down. Bunch did not restrain defendant's movement or tell her where to sit. She informed defendant that she was going to "give her a ticket for her driving." Bunch testified that, if defendant had tried to leave before Bunch gave her the ticket, she would have prevented her from leaving. She had noticed an odor of alcohol and asked defendant how much she had had to drink. Defendant denied that she had been drinking but then said that she had had a couple of beers and had also taken some prescribed medication. During the exchange, Bunch spoke to defendant in a normal tone of voice. She gave defendant a ticket for reckless driving. She did not give defendant *Miranda* warnings at any time.

■■ Failure to give *Miranda* warnings, when they are required, is a factor in determining voluntariness. *State v.*

---

[2] Defendant does not assert here that either under Article I, section 12, or under the Fifth Amendment, the police should have warned her or that her statements to Bunch were inadmissible because they did not.

*Ledbetter,* 95 Or App 187, 192, 768 P2d 431 (1989); *State v. Gaither,* 76 Or App 201, 204, 708 P2d 646 (1985). If Bunch should have warned defendant before she interrogated her at the hospital, the court should have "considered" that factor when it determined that defendant's statements were voluntary. We draw the legal conclusion, however, that, in the light of the totality of the circumstances, Bunch was not required to warn defendant either under Article I, section 12, or under the Fifth Amendment.

Affirmed.