Argued and submitted March 26, reversed and remanded July 15, 1998

# STATE OF OREGON,
*Appellant,*

*v.*

# JASON PAUL TESTA,
*Respondent.*

## (D9608132T; CA A98231)

964 P2d 274

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Robert Thuemmel and Thuemmel & Uhle waived appearance for respondent.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

The state appeals an order dismissing defendant's indictment for reckless driving, ORS 811.140, assigning error to the trial court's holding that the arresting officer lacked probable cause to arrest defendant without a warrant. Because we conclude that the officer had probable cause to arrest defendant, we reverse and remand.

We take the facts from the testimony at the hearing on defendant's motion to dismiss. Defendant did not appear at that hearing, and the arresting officer, Washington County Deputy Vandehey, was the only witness testifying to the events leading to the arrest. Vandehey stated that on the afternoon of December 7, 1996, she was off duty, riding in a truck driven by her husband. As they drove south on Southwest Cascade in the vicinity of the Washington Square Mall, she saw a vehicle directly in front of them, a pickup driven by defendant, suddenly swerve right, into a parking lot. Defendant drove through the parking lot, parallel to Southwest Cascade, without reducing his speed, which Vandehey estimated at 25 to 30 miles per hour. When defendant had crossed approximately half the length of the parking lot, Vandehey saw him look over at her truck, still driving south on Southwest Cascade, make eye contact with her and, as he neared the parking lot exit, saw him glance at her truck several more times. Concerned that defendant was going to re-enter Southwest Cascade from the parking lot, Vandehey warned her husband that she did not believe that defendant was going to stop. Her husband replied that he was sure defendant would stop.

According to Vandehey's testimony, defendant's truck did not stop, but re-entered Southwest Cascade from the parking lot without slowing down. To avoid a collision, Vandehey's husband was forced to swerve left, into the oncoming traffic lane of the two-lane road. The two trucks came to a stop on Southwest Cascade, with defendant's truck less than three feet from the passenger door of Vandehey's truck, which remained in the left lane. Vandehey's husband accelerated in an attempt to go around defendant's truck, but defendant simultaneously began to drive forward, forcing Vandehey's truck farther into the oncoming traffic lane. The

two trucks were by that point nearly parallel, facing south on Southwest Cascade. Vandehey's husband again attempted to accelerate around defendant's truck, but defendant sped up, keeping Vandehey's truck trapped in the left lane. Finally, Vandehey's husband braked, allowing defendant to pass on the right, and pulled back into the right lane.

Almost immediately, defendant pulled into another parking lot and stopped. Vandehey's husband followed him, and Vandehey, believing that defendant wanted to discuss the incident, opened her door and stepped out of her truck. At that point, defendant accelerated, drove across the parking lot, and re-entered Southwest Cascade, again without stopping. Vandehey testified that three or four vehicles were forced to swerve and brake to avoid colliding with defendant's pickup.

Vandehey and her husband re-entered Southwest Cascade and caught up with defendant at a red light at the intersection with Scholls Ferry Road. The deputy left her truck, walked up to defendant's window and, displaying a sheriff's department identification card, asked defendant to pull over to the side of the road. After defendant pulled over, Vandehey advised him that she would come to his home the next time she was on duty to cite him for reckless driving. On December 12, 1996, Vandehey's next day on duty, she arrested defendant at his home for reckless driving.

Defendant moved to dismiss that charge and to suppress statements he made at the time of arrest on the ground that Vandehey lacked probable cause to arrest him without a warrant. At the hearing on those motions, the state argued that Vandehey had probable cause to arrest defendant for reckless driving, based upon Vandehey's testimony that defendant had seen and appeared to be aware of the presence of her truck when he entered Southwest Cascade and forced her truck into the left lane, that he did not allow her truck to get back into the right lane on Southwest Cascade, and that he drove out of the second parking lot without stopping, nearly causing an accident.

The court disagreed with the state and found that Vandehey did not have probable cause to arrest defendant for reckless driving. The court stated:

"See, I seem to recall the testimony a little bit differently than that. In this case I really cannot find probable cause for the crime of reckless driving. I certainly could find it for careless driving, but not for reckless. I—my notes and my memory do not reflect the eye contact until after, when you pulled into [the second parking lot] and then there was some eye contact in that parking lot. That's when I recall the eye contact.[1] I really can't see the reckless driving, and I would—it's always a difficult one between reckless and careless, and I—this was extremely careless, but I don't hear the mental element to rise to the level of reckless * * *."

Based on that finding, the court granted defendant's motion to dismiss, without ruling on his motion to suppress. The state appeals from the order of dismissal.

■ As an initial matter, we note that this case is before us in an odd procedural posture. Suppression of evidence gained as a result of an improper arrest, and not pretrial dismissal, is the standard remedy for a warrantless arrest unsupported by probable cause. *See, e.g., State v. Rodriguez,* 317 Or 27, 38-40, 854 P2d 399 (1993) (discussing suppression as remedy for illegal police conduct). The court cited no statutory authority authorizing pretrial dismissal on that basis, and we are aware of none. However, the state did not argue to the trial court that the relief defendant sought was improper and concedes that the issue is not preserved for our review. Accordingly, we review the trial court's order to determine whether the court was correct that Vandehey lacked probable cause to arrest defendant.[2]

---

[1] The court's finding on that point does not accurately reflect the evidence in the record. Vandehey's unrebutted testimony was that defendant made eye contact with her and looked at her truck several times while he was crossing the *first* parking lot, prior to re-entering Southwest Cascade. Because the court's finding on that point misstates the evidence in the record, we are not bound by it. *State v. Ehly,* 317 Or 66, 75, 854 P2d 421 (1993) (trial court's findings of historical fact are binding on appellate court only so long as supported by evidence in the record).

[2] Although the order in this case is unusual, we have jurisdiction to review it as an order dismissing an accusatory instrument under ORS 138.060(1), which provides, in part:

"The state may take an appeal from the circuit court to the Court of Appeals from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument[.]"

We are bound by the trial court's findings of fact so long as they are supported by sufficient evidence in the record. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We review the court's legal conclusions for errors of law. *Id.* A peace officer has statutory authority to arrest without a warrant if the officer has probable cause to believe that a person has committed the crime of reckless driving. ORS 133.310(1)(d). "Probable cause" is defined as "a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." ORS 131.005(11). There are two components to probable cause: "An officer must subjectively believe that a crime has been committed * * *, and this belief must be objectively reasonable in the circumstances." *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986). "The determination of probable cause is a legal, not a factual, conclusion. Probable cause does not require certainty." *State v. Herbert*, 302 Or 237, 241, 729 P2d 547 (1986).

Here, the only question is whether Vandehey had objective probable cause; that is, whether her belief that she had witnessed defendant committing the crime of reckless driving was objectively reasonable. "A person commits the offense of reckless driving *if the person recklessly drives a vehicle * * * in a manner that endangers the safety of persons or property*." ORS 811.140(1) (emphasis supplied). The term

" '[r]ecklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(9).

Defendant does not contend that his driving did not endanger the safety of persons or property, arguing instead

---

*See State v. Freeman*, 127 Or App 640, 643, 873 P2d 1107 (1994) ("The written ruling here unambiguously dismisses the citation with prejudice. * * * We conclude that regardless of what the court may or may not have intended, the state has statutory authority to appeal the order as written. ORS 138.060(1).").

that he did not drive "recklessly." The trial court agreed that defendant's conduct, while "extremely careless," did not rise to the level of recklessness and dismissed the charge on that basis.

We disagree with the trial court's conclusion. Vandehey's testimony established that defendant appeared aware of her truck and still attempted to enter Southwest Cascade without stopping, nearly causing an accident. That behavior, coupled with defendant's refusal to allow Vandehey's truck to re-enter the right lane, was sufficient to support an objectively reasonable belief that defendant "consciously disregarded a substantial and unjustifiable risk" that his driving would result in damage to persons or property. The reasonableness of that belief is reinforced by defendant's subsequent action of driving out of the second parking lot without slowing down, causing another near accident. In sum, Vandehey had probable cause to arrest defendant for the crime of reckless driving, and the court erred in ruling otherwise.

Reversed and remanded.