Argued and submitted September 11, 2009, affirmed June 9, 2010

Francis Dale MOREHOUSE,
*Plaintiff-Appellant,*

*v.*

James Colin HAYNES,
*Defendant-Respondent.*

Multnomah County Circuit Court
060909915; A136871

234 P3d 1024

Jess M. Glaeser argued the cause and filed the briefs for appellant.

Dan R. Schanz argued the cause for respondent. With him on the brief were Melissa J. Ward and Spooner & Much, P.C.

Before Brewer, Chief Judge, and Landau, Haselton, Armstrong, Wollheim, Schuman, Ortega, Rosenblum, Sercombe, and Duncan, Judges.

WOLLHEIM, J.

Rosenblum, J., dissenting.

## WOLLHEIM, J.

Plaintiff initiated this action seeking economic and noneconomic damages resulting from a car accident. Defendant moved for summary judgment on plaintiff's claim for noneconomic damages, arguing that plaintiff was barred from recovering noneconomic damages because plaintiff was uninsured at the time of the accident. In response, plaintiff alleged that defendant's reckless driving caused the accident; therefore, plaintiff was not barred from recovering noneconomic damages. The trial court concluded that no reasonable jury could find that defendant drove recklessly, granted defendant's motion for summary judgment, and subsequently entered a judgment dismissing the case. Plaintiff appeals and assigns error to the trial court's grant of defendant's motion for summary judgment. We affirm.

We state the facts in the light most favorable to plaintiff. *Jones v. General Motors Co.*, 325 Or 404, 408, 939 P2d 608 (1997). Plaintiff and defendant had a car accident on a sharp curve on Highway 219, a two-lane road between Newberg and Hillsboro. Defendant was familiar with the highway because he had driven it more than 20 times in the month before the accident. At the time of the accident, the pavement was dry and there was full sunlight.

Two types of cautionary signs were posted near the sharp curve where the accident occurred. The first sign was posted before the curve and advised drivers to drive no more than 25 miles per hour through the curve; three other signs were posted at the curve to indicate its sharpness. As defendant drove into the curve between 45 and 50 miles per hour, he took his eyes off of the road to adjust his radio. When defendant looked up, he had partially crossed the center line; then he applied his brakes, slid across the center line, and collided with plaintiff's car. At the time of the accident, plaintiff was driving without insurance, in violation of ORS 806.010(1).[1]

---

[1] ORS 806.010(1) provides

"A person commits the offense of driving uninsured if the person operates a motor vehicle in this state on any highway or premises open to the public in this state without either:

Plaintiff brought this action alleging noneconomic damages[2] that defendant caused in the car accident. A person who drives uninsured at the time of a car accident is barred from recovering noneconomic damages arising from a car accident unless an express exception applies. ORS 31.715(1). Defendant moved for summary judgment, arguing that plaintiff drove uninsured and was, therefore, statutorily barred from recovering noneconomic damages. Plaintiff responded that the express exception for reckless driving, ORS 31.715(5)(c), applied and allowed plaintiff to recover his noneconomic damages. The trial court concluded that no rational juror could find that defendant drove recklessly.[3] Accordingly, the trial court granted defendant's motion for summary judgment and entered a general judgment dismissing the case. Plaintiff appeals and renews the argument that he made to the trial court.

Summary judgment shall be granted if there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. ORCP 47 C. Defendant, as the moving party, bears the burden of showing that there is "no genuine issue of material fact." *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 460, 31 P3d 421 (2001). There is "no genuine issue as to any material fact" if, "based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C.

Plaintiff admitted that he was driving uninsured at the time of the accident. Under ORS 31.715, plaintiff

---

"(a) The person being insured while driving the vehicle under a motor vehicle liability insurance policy that meets the requirements described under ORS 806.080; or

"(b) The person or the owner of the vehicle providing the Department of Transportation with other satisfactory proof of compliance with the financial responsibility requirements of this state."

[2] Plaintiff also alleged economic damages, which were resolved.

[3] While ORS 31.715 bars an uninsured driver from recovering noneconomic damages arising out of a motor vehicle accident, that bar may arise even if the driver is not convicted of driving uninsured under ORS 806.010. Similarly, the exception for reckless driving in ORS 31.715(5)(c) does not require a conviction of reckless driving under ORS 811.140.

"may not recover noneconomic damages * * * in any action for injury or death arising out of the operation of a motor vehicle if the plaintiff was in violation of ORS 806.010 [prohibiting driving uninsured] or 813.010 [driving under the influence of intoxicants] at the time the act or omission causing the death or injury occurred. * * *

"* * * * *

"(5)  The limitation on liability established by this section does not apply if:

"* * * * *

"(c)  The defendant was engaged in conduct that would constitute a violation of ORS 811.140 at the time the act or omission causing the death or injury occurred."

Plaintiff argues that the exception in ORS 31.715(5)(c) applies because defendant violated ORS 811.140,[4] which prohibits reckless driving and adopts the definition of "recklessly" provided by ORS 161.085. "Recklessly" means

"that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(9).

The parties do not cite any cases construing reckless driving in the context of ORS 31.715, and we are aware of none. However, there is a body of case law that informs our analysis. That case law developed under ORS 30.115 (1977), *amended by* Or Laws 1979, ch 866, § 7 (guest passenger statute), which generally prohibited a nonpaying guest passenger from recovering damages resulting from a motor vehicle accident unless the driver's intentional conduct, gross

---

[4] ORS 811.140 provides, in pertinent part:

"(1)  A person commits the offense of reckless driving if the person recklessly drives a vehicle upon a highway or other premises described in this section in a manner that endangers the safety of persons or property.

"(2)  The use of the term 'recklessly' in this section is as defined in ORS 161.085."

negligence, or intoxication caused the accident.[5] In cases involving the gross negligence standard under ORS 30.115 (1977), gross negligence and recklessness were synonymous. *Williamson v. McKenna*, 223 Or 366, 387-89, 354 P2d 56 (1960). The legislature subsequently defined gross negligence, ORS 30.115(2), and recklessness, ORS 161.085, giving those terms distinct meanings. In defining recklessness in ORS 161.085, the legislature required a higher level of proof of awareness of a risk than under the *Williamson* gross negligence/recklessness standard. *State v. Hill*, 298 Or 270, 280, 692 P2d 100 (1984) (distinguishing between recklessness and gross negligence and stating that recklessness for purposes of ORS 161.085 requires proof of a higher degree of awareness of a risk than gross negligence). Thus, conduct that was not egregious enough to meet the prior gross negligence/recklessness standard would necessarily fall short of the new statutory definition for recklessness. For that reason, cases applying the *Williamson* standard—and, in particular, those cases in which conduct was *not* grossly negligent/reckless under that standard—are still informative as to what evidence is required to prove that a person has acted "recklessly" within the meaning of ORS 161.085.

The Supreme Court considered two cases that applied the prior gross negligence standard that are factually similar to this case. In *Burghardt v. Olson*, 223 Or 155, 349 P2d 792, *adh'd to on recons*, 223 Or 198, 354 P2d 871 (1960), the defendant challenged a jury verdict that found that the defendant's driving was reckless. On reconsideration, the court considered the evidence in the light most favorable to the plaintiff and explained that the case turned on the plaintiff's allegation that the defendant drove recklessly by

---

[5] ORS 30.115 (1977) provided, in part:

"No person transported by the owner or operator of a motor vehicle * * * as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication.

"* * * * *

"(2) 'Gross negligence' refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others."

"rounding a curve [that she was familiar with] at a speed 20 miles [per hour] in excess of the indicated speed of 45 miles per hour." 223 Or at 206-07. The court held that that evidence was insufficient to prove that the defendant drove recklessly, and reversed. *Id.*

■ In *Bland v. Williams*, 225 Or 193, 357 P2d 258 (1960), the defendant drove the plaintiff and two other high school classmates after a school dance on a foggy night. The accident occurred when the defendant, who was exceeding the speed limit, took his eyes off of the road to push a button on the car's radio, and drove off the road. *Id.* at 195-96. The plaintiff argued that the aggregate of the defendant's negligent actions—speeding late on a foggy night into a curve while taking his eyes off of the road to push a button on the radio—constituted at least a jury question as to whether the defendant drove recklessly. *Id.* at 197. The court disagreed, explaining:

> "The evidence was deficient in connecting speed with the actual event that precipitated the difficulty. There is no evidence that the car could not have negotiated the curve safely if the driver had not glanced away from the road to adjust the radio. Nor does the evidence show that either speed or fog had anything to do with the right wheels going in the ditch. To work back from evidence of speed in order to find a reckless disregard for the rights of others in the instant case would permit the case to go to the jury on the basis of an abstract element of negligence which was not shown to be causally connected with the accident. There was no evidence of racing or 'showing off.' There was merely evidence of the kind of heedlessness involved in most negligence cases."

*Id.* at 199. Thus, the court distinguished between behaviors that demonstrate recklessness and behaviors that demonstrate negligence. Under *Bland*, a driver's heedlessness to an upcoming curve in the road is negligent, but that heedlessness does not establish the conscious disregard necessary for a reckless state of mind. Conversely, racing or showing off reveals gross negligence.

A comparison of *Bland* and *Burghardt* with cases construing recklessness as defined under ORS 161.085 demonstrates the continued validity of *Bland* and *Burghardt* for

the limited purpose of our analysis in this case. The distinction in *Bland* between heedless driving, which is negligent, and racing or showing off, which is grossly negligent, is consistent with the current analysis of recklessness. For example, we held in *State v. Schlender*, 199 Or App 253, 259, 110 P3d 653, *rev den*, 339 Or 230 (2005), that the defendant drove recklessly where he was aware of and consciously disregarded a substantial and unjustifiable risk to human life when he drove his car into a restaurant wall even though there were lights on in the restaurant that indicated that a person might be inside. Similarly, in *State v. Testa*, 155 Or App 52, 58, 964 P2d 274 (1998), there was probable cause that the defendant drove recklessly when he was aware of and consciously disregarded a substantial and unjustifiable risk when he drove at 25 to 30 miles per hour through a parking lot parallel to a two-lane road, looked at a passenger in a car driving on the two-lane road, and then swerved onto the road toward that car, forcing the driver into the oncoming lane of traffic. *Bland* and *Burghardt* present a place on the spectrum of risk awareness where the driver was merely negligent or heedless, both of which fall short of recklessness as construed in *Schlender* and *Testa*. With those considerations in mind, we turn to the present case.

■　　Here, plaintiff argues that a reasonable juror could find that defendant drove recklessly because defendant knew that he was entering a sharp curve at least 20 miles per hour above the posted advisory speed limit of 25 miles per hour and defendant took his eyes off the road to adjust the radio. Defendant's conduct reflects the heedlessness discussed in *Bland* that is common to negligence cases. It does not demonstrate that defendant drove recklessly. Defendant's driving also reflects the same heedlessness as in *Burghardt*, where the plaintiff drove at a high speed through a curve that she knew well and lost control of her vehicle.

■　　No objectively reasonable juror could find on the facts in this case that defendant was aware of and consciously disregarded a substantial and unjustified risk that the accident with plaintiff would occur because defendant also momentarily took his eyes off of the road before entering the curve. In *Bland,* the defendant looked down at the car's radio for long enough that he drove off the road because he

did not notice a curve in the road. That conduct—taking one's eyes off the road momentarily to change a radio station—is negligent but it is not reckless. Similarly here, "the fact that defendant took his eyes off the road also may have contributed to the accident, because it prevented him from slowing down in time." 235 Or App at 492 (Rosenblum, J., dissenting). Put another way, had defendant kept his eyes on the road, he likely would have made the proper adjustments in time to avoid losing control of his car, just as in *Bland*. Defendant failed to drive with reasonable care by keeping his eyes on the road, which is to say defendant was negligent. Defendant's negligent driving, however, was not reckless driving.

A comparison of the facts in this case with the facts in *Schlender* and *Testa* buttresses that conclusion. In both *Schlender* and *Testa*, there was a substantial probability that severe harm would result from the defendants' actions. First, in *Schlender*, it was substantially likely that the defendant's act of driving into a restaurant wall was reckless, particularly because a light was on in the restaurant, indicating that there were people inside who could be harmed. Similarly, in *Testa*, severe harm was substantially likely when the defendant, after visually identifying a passenger in another car, swerved at the other car and forced that car into the oncoming lane of traffic. Unlike those two cases, defendant did not aim his car at plaintiff; rather, at what turned out to be the critical moment, defendant took his eyes off the road and lost control of his car. Defendant's driving, as a matter of law, was not reckless as that term is defined in ORS 161.085(9). Defendant did not consciously disregard a substantial and unjustifiable risk that he would cause a motor vehicle accident by driving into a curve above the speed limit and adjusting his radio.

Accordingly, the trial court did not err in granting defendant's motion for summary judgment.

Affirmed.

**ROSENBLUM, J.,** dissenting.

Defendant was traveling on a curvy road with which he was very familiar. A cautionary speed sign and three cautionary arrow signs warned of a sharp curve. Defendant

approached the blind uphill curve at 45 to 50 miles per hour, well in excess of the posted recommended speed of 25 miles per hour. One or two seconds before he entered the curve, he looked down while adjusting his radio. When he looked up, he began to apply the brakes. As he went into the curve, he realized that he was going too fast to negotiate it and hit the brakes hard, causing the wheels to lock up and the car to slide into the oncoming lane, where he collided with plaintiff.

The question before us is whether a jury could find that defendant was driving recklessly when he collided with plaintiff. Under ORS 161.085(9), "recklessly" means

> "that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

In my view, a jury could find that driving too fast into a sharp blind corner created a substantial and unjustifiable risk of crossing into the other lane and hitting an oncoming vehicle and that doing so was a gross deviation from the standard of care. It could also find that defendant's taking his eyes off the road while approaching the corner heightened the risk, because it prevented him from recognizing in time that he would, in fact, cross into the other lane unless he slowed down. Given defendant's familiarity with the road, I also believe that a jury could find that he was aware of the risk of crossing into the other lane and hitting an oncoming vehicle and consciously disregarded it.

The majority concludes that, in light of the Supreme Court's holding in *Bland v. Williams,* 225 Or 193, 357 P2d 258 (1960), no objectively reasonable juror could return a verdict in plaintiff's favor. 235 Or App at 489-90. This case and *Bland* are distinguishable. In *Bland,* the defendant was driving at 60 mph in patchy fog that frequently limited visibility to 50 feet. 225 Or at 195. He glanced away from the road momentarily to push a button that tuned the radio. At that moment, the road began curving to the left; the car continued to go straight. *Id.* at 196. Almost immediately, the right wheels went off the road and into the ditch along the road.

The defendant was unable to regain control of the car, and an accident ensued.

It was undisputed that the defendant was driving at least negligently. The question was whether there was sufficient evidence of a reckless state of mind. The Supreme Court stated that the plaintiff could not recover unless the court could "say that intentionally driving at the speed testified to under the conditions existing amounted to evidence of a 'reckless disregard' of the safety of others." *Id.* at 198. It stated further that, "[i]n most of the guest-passenger cases, the quest for the state of mind of the host driver involves working back from evidence of objective facts." *Id.* at 198-99. The court observed that the circumstances of the accident could not serve as evidence of a reckless state of mind unless those circumstances were shown to be causally connected with the accident. *Id.* at 199. It concluded that nothing in the evidence indicated that either the speed or the fog contributed to the accident. Accordingly, it held that the plaintiff had not proved recklessness.

In this case, the speed at which defendant was driving did contribute to the accident. Speed affects the ability of a car to negotiate a curve. Had defendant been driving more slowly, he may not have slid across the center line, and the accident may not have occurred. As noted above, the fact that defendant took his eyes off the road also may have contributed to the accident, because it prevented him from slowing down in time to avoid crossing into the other lane.

*Bland* does not preclude a jury from finding that defendant drove recklessly in this case. *Bland* stands for the unremarkable proposition that a jury cannot infer recklessness from a driver's disregard of circumstances that did not contribute to the accident. In this case, the circumstances that defendant disregarded did contribute to the accident. In my view, a jury could "work back" from the evidence of defendant's speed and conduct, the nature of the road, the posted warning signs, and defendant's familiarity with the road and infer that he was aware of the circumstances and consciously disregarded them. *See id.* at 198-99 ("[T]he quest for the state of mind of the * * * driver involves working back from evidence of objective facts."); *State v. Ryan*, 89 Or App 129, 131,

747 P2d 408 (1987), *rev den*, 305 Or 672 (1988) ("Generally, proof of a defendant's mental state must rest on inferences drawn from evidence concerning 'the action element' of the offense * * *.").

I do not mean to suggest that a jury would be compelled to find that defendant drove recklessly. It would certainly be entitled to find that defendant's conduct was no more than negligent. But I believe that the evidence is sufficient to create a jury question on recklessness and, thus, that the trial court erred in granting summary judgment. Accordingly, I respectfully dissent.

Schuman and Ortega, JJ., join in this dissent.